In the Matter of the Application for the DISCIPLINE OF James J. TUZINSKI, an Attorney at Law of the State of Minnesota.

No. C2–85–245.

Supreme Court of Minnesota.

Feb. 19, 1985.

## ORDER

The above entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, respondent has concluded it is in his best interest to enter into this stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned as follows:

1. Respondent understands he has certain rights related to having charges of unprofessional conduct against him heard by a Lawyers Professional Responsibility Board Panel prior to the filing of a petition for disciplinary action, as set forth in the Rules on Lawyers Professional Responsibility (RLPR). Pursuant to Rule 10(a), RLPR, the parties agree to dispense with panel proceedings under Rule 9, RLPR, and respondent agrees to the immediate filing of a petition for disciplinary action, hereinafter petition, in the Minnesota Supreme Court.

2. Respondent understands that upon the filing of this stipulation and the petition this matter will be of public record.

3. Respondent understands that he has certain rights pursuant to Rule 14, RLPR. He waives these rights, which include the right to a hearing before a referee on the petition; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent hereby admits service of the petition for disciplinary action.

4. Respondent waives his right to answer, and unconditionally admits the allegations of the Director's petition which may be summarized as follows:

a. In 1980 respondent borrowed $20,-000 from two clients who operated a foster care home. The clients asked that repayment with interest be made in 1997.

b. Respondent calculated the repayment amount of principal and interest as $46,971, due in 1997. This reflects an effective compounded interest rate of 5.25 percent or an effective simple interest rate of 7.9 percent.

c. The loan was to be secured by a life insurance policy and a second mortgage on respondent's homestead. The homestead had an assessed market value of $88,300 and was encumbered by a first mortgage of $29,773. The life insurance policy was not in force and effect at the time the loan was made or thereafter.

d. The clients believed that although the transaction was a business matter, respondent was acting in their interest. Respondent made no disclosure to them of his differing interests or the effect of his own interests.

e. Respondent's conduct violated the disciplinary rules including, but not necessarily limited to DR 1–102(A)(6) and DR 5–104(A), Minnesota Code of Professional Responsibility.

5. In explanation or mitigation, respondent states that:

a. His failure to maintain an insurance policy as security was due to inadvertence. The policy was maintained for several years through payment of premiums through automatic loans paid by automatic quarterly withdrawals from his bank account. Respondent states he did not realize that the payments had ceased or that the policy had been terminated.

b. Respondent has now executed a settlement agreement in principle with his former clients through their independent counsel, and has paid the settlement amount.

6. Respondent understands that based upon these admissions, this court may impose any of the sanctions set forth in Rule 15(a)(1)–(6), RLPR, including making any disposition as it deems appropriate. Respondent understands that by entering into this stipulation, the Director is not making any representations as to the sanction the court will impose.

7. The Director and respondent join in recommending that pursuant to Rule 15, RLPR, the appropriate discipline is a public reprimand. Respondent shall also, within one month of the court's order for discipline, reimburse the Director $500 in costs pursuant to Rule 24, RLPR.

8. This stipulation is entered into by respondent freely and voluntarily, without any coercion, duress or representa-

tions by any person except as contained herein.

9. Respondent has been advised by the undersigned counsel concerning this stipulation and these proceedings generally.

10. Respondent hereby acknowledges receipt of a copy of this stipulation and the petition.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent James J. Tuzinski is publicly reprimanded pursuant to Minn.R.Law. Prof.Resp. 15(a).

2. Respondent shall pay to the petitioner $500 in costs pursuant to Minn.R.Law. Prof.Resp. 24(a) within 60 days from the date of this order.